### No. 110
### FRANCES WILLARD CO. v. HOOVER
Ohio Appeals, 4th Dist., Franklin County
No. 1080. Decided Jan. 15, 1924
1177. **TORTS**—Liability to a cripple for defective sidewalk.

BY THE COURT.

Epitomized Opinion
First Publication of this Opinion

Hoover sued the Willard Co. in Franklin Common Pleas. He alleged that when coming out of the Willard Co. store in Columbus he was thrown to the sidewalk by his crutch going through a hole in the covering of the area way in front of the store room, and received a shock which loosened an old fracture, and that he sustained other injuries. The evidence disclosed that Hoover placed his crutch in a hole in a grating of the sidewalk from which the bull's 'eye had previously come

out. The jury returned a verdict for $800. The company contended that the evidence disclosed negligence on Hoover's part. In affirming the judgment, the Court of Appeals held:

1. "The question of negligence or contributory negligence of Hoover was submitted to the jury with the result that the jury found in favor of Hoover. This was a question for the jury, and under the state of the record we think the finding of the jury in this respect is not against the manifest weight of the evidence. We find no error in the admission or rejection of evidence."

Attorneys—H. A. Williams and O. E. Davis, for Willard Co.; H. G. Binns, for Hoover; all of Columbus.

---

### No. 111
### CENTURY IMPROVEMENT CO. v. RAYMOND
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4746. Decided Jan. 14, 1924
1157. **TAXATION**—Lessor not liable for income taxes under terms of lease, providing lessee shall pay all taxes and assessments "upon the rents herein reserved."

VICKERY, P. J.

Epitomized Opinion
First Publication of this Opinion

This was an action by Raymond brought in the Municipal Court of Cleveland to recover $340.61 which he claimed he was compelled wrongfully to pay to the Federal Government as a normal tax and as a surtax. The property from which the income in question was derived belonged to Raymond who had leased the property to the defendant for 99 years. The lease provided in part that the lessee was to pay the taxes and assessments "upon the rents herein reserved." The plaintiff claimed that under this provision defendant should pay the Federal income tax upon the rents which the former received from the rental of the place in question. The Municipal Court rendered judgment for the plaintiff, whereupon the defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That it was the intention of the drafter of this lease that all charges of every kind or character which could, might or would be assessed, either against the property or the income therefrom should be borne the lessee, and that the rental in question was to provide a net income to the lessor.

Attorneys—Ulmer & Berne, for Century Improvement Co.; Garfield, McGregor & Baldwin, for Raymond; all of Cleveland.